# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

LOGISTEC USA INC.,

    Plaintiff,

v.                                             CV 213-27

DAEWOO INTERNATIONAL
CORPORATION,

    Defendant.

## ORDER

Before the Court are Defendant Daewoo International Corporation's Rule 72(a) Objections to the Magistrate Judge's Order on the Parties' motions in limine. Dkt. no. 127.

This case concerns Logistec USA Inc.'s breach of a contract it had with Daewoo. The Court, in a prior Order, determined that Logistec's failure to procure a "truck tipper" per the Agreement was a breach of that contract. See Dkt. no. 91 ("Summary Judgment Order").[1] The Court reserved for the jury the question of whether that breach was material such that Daewoo could rescind the agreement. See id.

The Parties filed several motions in limine before the Magistrate Judge. These motions include:

---

[1] A factual background of the case can be found in the Court's Summary Judgment Order. Dkt. no. 91.

1

- Daewoo's Motion in Limine to Exclude Evidence (Dkt. no. 98)
- Daewoo's Motion in Limine Regarding Plaintiff's Trial Exhibits (Dkt. no. 103)
- Logistec's Motion in Limine to Exclude Parol and Extrinsic Evidence as to the Meaning of the Term "Truck Tipper" (Dkt. no. 99)
- Logistec's Motion in Limine to Exclude Any Argument or Commentary by Defendant that the Agreement Was Subject to a Condition Precedent or Condition Subsequent (Dkt. no. 100)
- Logistec's Motion in Limine to Exclude Impermissibly Disclosed Documents and Similar Evidence Relating to Daewoo's Woodchip Procurement Costs, Analyses and Financial Losses It Sustained Following Its Termination of the Agreement (Dkt. no. 101)

The Magistrate Judge held a hearing on these Motions on June 9, 2015. See Dkt. no. 130-1 ("Hearing Trans."). The Magistrate Judge subsequently issued an Order granting in part and denying in part Daewoo's Motions, denying Logistec's motion regarding the term "truck tipper," granting as unopposed Logistec's motion regarding conditions precedent or subsequent to the agreement, and granting in part and denying in part Logistec's motion regarding Daewoo's financial losses. Dkt. no. 124 ("MJ Order").

Defendant Daewoo makes several Objections to the Magistrate Judge's Order. Dkt. no. 127. Logistec has responded to these Objections. Dkt. no. 130. Because the Magistrate Judge rests many of his holdings on reasoning discussed on the record at the motions hearing, this Court will review the Magistrate Judge's Order in consideration of the Hearing Transcript (Dkt. no. 130-1) and the various motions and briefs discussed at that hearing.

I. **Standard of Review**

When a magistrate judge rules on a motion in limine, parties may object to that ruling and seek review from the district judge under Federal Rule of Civil Procedure 72(a). See Fed. R. Civ. P. 72(a). In reviewing the magistrate judge's order, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id. "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Id. (citations omitted). "A decision by the magistrate judge is contrary to law where it either fails to follow or misapplies the applicable law." Id. (citations omitted). "The mere fact that a reviewing Court might have decided the issue differently is not sufficient to overturn a decision when there are two permissible views of the issue." Hope for Families & Cmty. Serv., Inc. v. Warren, No.

3

3:06-CV-1113, 2009 WL 174970, at *3 (M.D. Ala. Jan. 26, 2009) (quoting Merrill-Stevens Yacht Sales, LLC v. Fr. Lurssen Werft, GmbH & Co., No. 07-61389-CIV, 2008 WL 2690798, at *2 (S.D. Fla. July 2, 2008)).

Daewoo, in its Objections, suggests that the Court should modify, reject, or set aside, "after de novo review," those portions of the Magistrate Judge's Order that are clearly erroneous or contrary to law. The de novo standard and the "clearly erroneous or contrary to law" standard are distinct, and the Court will not conduct a de novo review here.[2]

## II. Discussion

Daewoo groups its various objections in five general classes.

### a. Evidence of Daewoo's Other Lawsuits and Settlements

The Magistrate Judge's Order grants Daewoo's motion to exclude evidence of (a) lawsuits involving Daewoo and other parties, and (b) settlements by Daewoo in other lawsuits with

---

[2] Notably, none of the cases Daewoo cites for the de novo standard for Rule 72(a) objections actually applies this standard of review on non-dispositive magistrate orders. See Dkt. no. 127, pp. 1-2 (citing Hope for Families & Cmty. Servs., 2009 WL 174970, at *3 (applying the "clearly erroneous or contrary to law" standard for Rule 72(a) objections); Am. Comp. Trust Leasing v. Jack Farrell Implement Co., 136 F.R.D. 160, 162 (D. Minn. 1991) (same). While one case Daewoo cites does, in fact, conduct a de novo review of a magistrate judge's order, the objection to that order fell under Rule 72(b), which concerns objections to a magistrate judge's *dispositive* orders. See Santana v. Kuhlmann, 232 F.Supp.2d 154, 157-58 (S.D.N.Y. 2002) (reviewing de novo a magistrate judge's Report and Recommendation recommending denial of a petition for habeas corpus); see also Fed. R. Civ. P. 72(b)(3) (stating that for "Dispositive Motions and Prisoner Petitions," "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

4

other parties. MJ Order 3-4 (Sections I.2 and I.3). But Daewoo's requests are granted with the qualification that "if Logistec believes at trial that this evidence has become relevant for rebuttal purposes, Logistec should raise the issue to the Court at that time. Logistec is advised to do so outside the presence of the jury, given the prejudicial nature of this evidence." Id.

Unsatisfied with this qualified grant of its motion, Daewoo "objects to use of the other lawsuits or settlements because they would never become relevant for any reason, including rebuttal." Dkt. no. 127, p. 3. Daewoo is wrong. Federal Rule of Evidence 404(b), on which Daewoo bases its argument that evidence of past acts (in this case, the prior litigation) cannot be used to establish a party's general character for acting in a certain manner, is specifically limited to character evidence. Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Evidence of prior acts is generally admissible, though, for any other purpose besides establishing character, which would include rebuttal. See Fed. R. Evid. 404(b)(2) ("This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.").

AO 72A
(Rev. 8/82)

Likewise, Daewoo argues that under Federal Rule of Evidence 408, evidence of settlements cannot be used as proof of a party's liability. But Rule 408, like Rule 404, also has a non-exhaustive set of exceptions and is thus not as absolute as Daewoo suggests: "The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408(b).

Neither Rule absolutely proscribes admitting evidence of past settlements or litigation. The Court in no way suggests that any of the exceptions to these Rules is likely to arise at trial. Nevertheless, a situation may arise where such evidence is appropriate. As such, the Magistrate Judge's ruling is not clearly erroneous or contrary to law, and Daewoo's objections to sections I.2 and I.3 of the Magistrate Judge's Order are **OVERRULED**.

### b. Evidence of Daewoo's Allegedly Contrived Excuse for Rescission of the Agreement

Daewoo's most substantial objection to the Magistrate Judge's Order is to those holdings regarding evidence and argument that touches on Logistec's "contrived excuse" theory. Logistec will present this theory at trial to suggest that the fallout from its procurement of a "trailer tipper" instead of a "truck tipper" had more to do with Daewoo looking for an excuse

to rescind the contract than it did with any actual concern over the efficacy of a trailer tipper. Daewoo argued before the Magistrate Judge that at trial, "Logistec should not be allowed to use any documents or things or mention in any way that Daewoo supposedly contrived an excuse for its reason to terminate the parties' contract." Dkt. no. 103, p. 5.

To support its theory, Logistec seeks to produce Daewoo America's (a separate legal entity from Defendant) prior efforts to contract with a company named Megahan to procure woodchips out of Jacksonville. It also seeks to produce other exhibits tending to show that Daewoo contrived an excuse to rescind the contract. For its part, Daewoo seeks to admit evidence showing that woodchip procurement would not have been more favorable in Jacksonville to rebut the contrived excuse theory.

### i. Termination Contract Between Megahan and Daewoo America

The Magistrate Judge determined that evidence of the terminated Megahan/Daewoo America contract was relevant to establishing Defendant Daewoo's efforts to explore a more favorable woodchip procurement plan. MJ Order 4-5. Daewoo objects that the Megahan Daewoo America contract is irrelevant because Daewoo International (Defendant here) was not a party to those negotiations. Dkt. no. 127, p. 4. However, given the relationship between Daewoo America and Daewoo International,

Defendant does not necessarily have to be a party to those negotiations for them to be relevant to the contrived excuse argument. The Magistrate Judge's relevance analysis on this point is well-reasoned, and is not clearly erroneous or contrary to law.

### ii. Argument of the Contrived Excuse and Other Supporting Evidence

Before the Magistrate Judge, Daewoo argued that Logistec should not even be able to make the contrived excuse argument at trial because, Daewoo claims, it did not have proper notice of this claim. The Magistrate Judge disagreed, and gave a lengthy recitation of each point in the record where Daewoo had notice of Logistec's intent to argue that Daewoo's indignation towards the trailer tipper was a contrived excuse to rescind the Agreement. Hearing Trans. 11:17-15:13; see also MJ Order 7-8. Daewoo now argues that "the Magistrate misconstrued Daewoo's argument on contrived excuse. . . . The point of Daewoo's argument to exclude evidence of an alleged contrived excuse is that Logistec did not state what it meant by contrived excuse until after discovery closed." Dkt. no. 127. The first document, standing alone, that the Magistrate Judge referenced during the hearing refutes this contention: even before the Complaint was filed, Daewoo knew that it was Logistec's opinion that "It is clear that Daewoo's objection to Logistec's truck tipper is

being used as an excuse to avoid their contract obligation to deliver woodchips to Logistec's Brunswick facility." Hearing Trans. 11:20-25. The Magistrate Judge's decision that Daewoo was well aware of the "contrived excuse" theory is adequately supported by the record, and is not clearly erroneous or contrary to law.

Daewoo also objects to the admission of certain exhibits in support of Logistec's "contrived excuse" theory. Daewoo originally took the position before the Magistrate Judge that Logistec had failed to produce these documents during discovery. The Magistrate Judge concluded that Logistec had no such duty to disclose these documents because they were either in the custody of third parties or were provided to Logistec by Daewoo. MJ Order 23; Hearing Trans. 15:14-16:8. In its Objection, Daewoo does not appear to challenge the Magistrate Judge's holding as to these documents as clearly erroneous or contrary to law in and of itself, but rather challenges the admission of the documents as part of its general challenge to the contrived excuse theory. Because the "contrived excuse" argument will be permitted at trial, and because Logistec's exhibits supporting that theory were not Logistec's to produce, the Magistrate Judge's admission of these exhibits is not clearly erroneous or contrary to law.

### iii. Daewoo's Evidence in Rebuttal of the Contrived Excuse Argument

Relatedly, Daewoo argues that if Logistec is permitted to make its contrived excuse argument at trial, Daewoo should likewise be able to rebut that argument with evidence of how profitable (or unprofitable) these alleged alternative procurement plans would have actually been to Daewoo. Logistec moved to exclude impermissibly disclosed documents and similar evidence relating to Daewoo's woodchip procurement costs, analyses, and financial losses it would sustain if it terminated the Agreement. See Dkt. no. 101. Daewoo countered that its costs of doing business in Jacksonville were relevant and admissible to rebut Logistec's contrived excuse allegation and that, specifically, the "untimely" disclosed documents should be admitted because of Logistec's delay in articulating the contrived excuse theory, and that certain "Forest2Market" cost reports were admissible without an expert as either market reports or business records. See Dkt. no. 110.

As to these matters, the Magistrate Judge ruled that: (a) argument and evidence concerning Daewoo's costs in Jacksonville would be relevant in light of Logistec's contrived excuse argument, and thus generally admissible; (b) specific untimely disclosed documents would nevertheless be inadmissible because they ran afoul of Federal Rule of Civil Procedure Rules 26 and

AO 72A
(Rev. 8/82)

37; and (c) the untimely disclosed Forest2Market reports were also inadmissible for the additional reason that they are expert testimony and thus cannot be admitted without an expert.

Daewoo now argues that the Forest2Market reports should be admitted because they are not prejudicial to Logistec. But the Magistrate Judge correctly concluded that these reports, if admitted outside the Rule 26 procedures, would be prejudicial because Logistec would not have time, on the eve of trial, to depose the authors of the Forest2Market reports about the information therein. See MJ Order 21-22.

Daewoo also objects to the exclusion of the untimely disclosed documents because, again, the admission would not be prejudicial to Logistec. However, applying the "substantially justified or harmless" standard for disclosures that do not conform to Rule 26, the Magistrate Judge correctly determined that the late disclosure of these documents, which came more than a year after Daewoo alleges Logistic articulated its contrived excuse allegation, is not substantially justified. MJ Order 17-18; Fed. R. Civ. P. 37(c)(1). Furthermore, because some of the documents are undated, do not indicate their author or creator, or are otherwise of dubious relation to Daewoo's woodchip procurement costs, the Magistrate Judge concluded that admitting the documents would require additional discovery for

Logistec to understand their nature. Admission of these documents, then, would not be harmless.

The Magistrate Judge's decision to permit the contrived excuse theory, admit Logistec's evidence on this point, and exclude specific documents from Daewoo in rebuttal to this argument while allowing other rebuttal arguments and evidence generally is not clearly erroneous or contrary to law. Logistec's objections to the Magistrate Judge's ruling on the contrived excuse argument and related documents is **OVERRULED**.

### c. Parol and Extrinsic Evidence of the Term "Truck Tipper"

The Magistrate Judge denied Logistec's motion to exclude parol and extrinsic evidence as to the meaning of the term "truck tipper," but noted that "this evidence is admissible only to prove materiality and may not be introduced to prove the meaning of the term 'truck tipper,' which this Court has already resolved." MJ Order 13 (Section II). Indeed, this Court held in the Summary Judgment Order that "Daewoo bargained for a tipper that did not require detaching the cab from the trailer, and that both parties understood that this type of tipper is what the term 'truck tipper' in the Agreement referenced." Dkt. no. 91, p. 22.

> Daewoo objects to this holding. According to Daewoo,
>
> The Magistrate's Order should be modified to allow evidence as to the meaning of the term "truck tipper,"

AO 72A
(Rev. 8/82)

> so that the jury will be allowed to consider all of
> the circumstances and the intent of the parties, as it
> considers the issue of whether Logistec's breach of
> the parties' contract by not providing a truck tipper
> was a material breach of the contract.

Dkt. no. 127, pp. 8-9. Daewoo's objection appears to be rooted in a misunderstanding of the Magistrate Judge's holding. Evidence tending *solely* to define the term "truck tipper" is not necessary in this case because the Court has already determined, for purposes of the Agreement, that a "truck tipper" is one that can tip a fully connected semi-trailer truck without having to first disconnect the truck from the semi-trailer. That said, evidence of the Parties' negotiations regarding what type of tipper would be provided—including their understanding of what a "truck tipper" is—is still admissible pursuant to the Magistrate Judge's Order because that evidence is key to understanding the full circumstances of the transaction. Thus, evidence of the meaning of the word "truck tipper" is still admissible so long as it also reveals the particular circumstances of the parties' negotiations and intent regarding the agreement.

The Magistrate Judge's Order already permits evidence of the "full circumstances of the transaction," including what the parties envisioned as a "truck tipper" when forming the Agreement. There is no need to modify the Magistrate Judge's Order, and Daewoo's request for this Court to do so is **OVERRULED**.

13

### d. Evidence of Logistec's Damages

The Magistrate Judge denied Daewoo's motion to exclude evidence of Logistec's alleged damages for lost profits, damages, and capital expenditures. MJ Order 5-6. The Magistrate Judge concluded that a motion in limine was not the appropriate time to bring a dispositive motion on these claims. Id. (citing Variable Annuity Life Ins. Co. v. Laeng, No. 8:12-cv-2280, 2013 WL 3992418, at *2 (M.D. Fla. Aug. 2, 2013) (noting that "a motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried.").

Daewoo does not "object" to these rulings, even though Daewoo lists them among its Rule 72(a) objections. Instead, Daewoo simply preserves "objections for purposes of Motion for Directed Verdict, for Motion for Judgment as a Matter of Law, for Motion for Judgment Notwithstanding the Verdict, and for any and all other purposes, during, before or after trial and on any appeal taken by either party." Daewoo's preservation is duly noted.

Daewoo does object, though, to the Magistrate Judge's decision to permit Logistec to amend the pretrial order to include a claim for punitive damages. See MJ Order 6-7. The Magistrate Judge reasoned that amending the pretrial order was appropriate in this instance because Daewoo has known since its

14

inception that Logistec intended to bring a claim for punitive damages and because Daewoo failed to show that it suffered any prejudice from the claim's omission in the pretrial order. Id. (quoting United States v. Varner, 13 F.3d 1503, 1507-08 (11th Cir. 1994) ("There is a presumption that a pretrial order will be amended in the interest of justice and sound judicial administration provided there is no substantial injury or prejudice to the opposing party or inconvenience to the court.")). In its objection, Daewoo makes no effort to show that it will be prejudiced if Logistec is allowed to amend the pretrial order to include its punitive damages. See Dkt. no. 127, pp. 9-10. The Magistrate Judge's decision on Logistec's damages claims, then, is not clearly erroneous or contrary to law, and Daewoo's objection is **OVERRULED**.

### e. Logistec's Trial Exhibits

Finally, Daewoo objects to the Magistrate Judge's rulings on its motion in limine regarding certain other exhibits Logistec seeks to admit at trial.

First, Daewoo objects to the Magistrate Judge's decision to grant Daewoo's motion to exclude Logistec's Trial Exhibit 5. The Magistrate Judge ruled that the Exhibit, a guaranty concerning the performance of Daewoo Logistics Corporation if that entity (which is legally distinct from Defendant) contracted with Logistec, will not be admissible in Logistec's case-in-chief,

15

AO 72A
(Rev. 8/82)

but may be admissible if it becomes relevant for rebuttal. MJ Order 22. Daewoo would have this Court declare the exhibit inadmissible for any and all purposes. However, there is nothing clearly erroneous or contrary to law in withholding such a declaration until the exhibit's relevance can be considered in light of the circumstances at trial.

Second, Daewoo objects to the Magistrate Judge's denial without prejudice of its motion to exclude Logistec's Exhibit 23, an unsigned agreement between Daewoo and Global Green Engineered Fuels LLC. See MJ Order 22-23. At the motions hearing, the Magistrate Judge reasoned that while the unsigned agreement cannot be used to show that Daewoo and the other party are bound by that agreement, it would tend to show that Daewoo was negotiating with other parties. Hearing Trans. 74:3-12. In the end, the Magistrate Judge determined that a judge sitting multiple weeks prior to trial could not foresee all of the trial circumstances and testimony for which the Exhibit could be used to support or rebut. Id. at 75:13-76:4. Any relevancy determination, then, would be premature. The Magistrate Judge concluded that the Exhibit was neither admitted nor denied at that time, and this conclusion is not clearly erroneous or contrary to law.

Daewoo's objections to the Magistrate Judge's rulings on these Exhibits, then, are **OVERRULED**.

AO 72A
(Rev. 8/82)

### III. Conclusion

Daewoo has failed to show that any of the Magistrate Judge's rulings to which it objects were clearly erroneous or contrary to law. Going into trial, then, the Court **ADOPTS** in its entirety the Magistrate Judge's rulings on the motions in limine as stated in his Order, Dkt. no. 124.

**SO ORDERED**, this 31ST day of July, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA